# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KEVIN L. BROWN, )
  )
   Petitioner, )
  )
v. ) C.A. No. N23X-00672
  )
STATE OF DELAWARE, )
  )
   Respondent. )

Submitted: December 8, 2023
Decided: January 3, 2024

On Appellant-Petitioner's Appeal from Commissioner's Order Denying
Expungement
**RECOMMITTED TO THE COMMISSIONER WITH INSTRUCTIONS**

## <u>ORDER</u>

Eliza M. Hirst, Esquire, Assistant Public Defender;
   *Attorney for Appellant-Petitioner*

Abolore J. Oshodi, Esquire, Deputy Attorney General;
   *Attorney for Appellee-Respondent*

**JOHNSTON, J.**

1. By Order dated August 23, 2023, Commissioner O'Connor denied Petitioner Kevin L. Brown's Petition for Expungement of Criminal Record.

2. The Petition for Expungement, filed on February 14, 2023, had sought a discretionary expungement pursuant to 11 *Del. C.* § 4374(a)(2) for a single case from 2001, invoking the "manifest injustice" standard, as well as a mandatory expungement pursuant to 11 *Del. C.* § 4373 for violations and cases terminated in his favor.

3. In his Order (proposed findings of fact and recommendations under Superior Court Civil Rule 132(a)(4)(i)), the Commissioner declined the Petitioner's request for discretionary expungement based upon the Petitioner having an out-of-state conviction, namely, a 1991 conviction in the Commonwealth of Pennsylvania (Firearm Carried Without a License). The Commissioner concluded that the Petitioner had not satisfied the "manifest injustice" standard, holding in pertinent part: "Specifically, Petitioner's Pennsylvania Firearm conviction will nonetheless remain an obstacle in being approved for assisting in his son's school or coaching a sport's team, and may also impact his ability to maintain his lease. Because this Court's Order for Expungement would not eliminate *all* of Petitioner's criminal history, Petitioner cannot demonstrate manifest injustice in the continued existence and possible dissemination of his criminal record." Order, at 2-3 (citation omitted) (emphasis in original).

4. The Order did not explicitly address Petitioner's request for mandatory expungement.

5. Petitioner has appealed the Commissioner's Order, requesting that the Court reverse the Order and grant the Petition for Expungement or, in the alternative, grant the mandatory expungement portion of the petition and remand the discretionary portion for consideration on the merits.

6. The State did not serve a written response to the appeal.

7. Superior Civil Rule 132(a)(4)(iv) provides: "A judge of the Court shall make a *de novo* determination of those portions of the report or specified proposed findings of fact or recommendations to which an objection is made. A judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Commissioner. A judge may also receive further evidence or recommit the matter to the Commissioner with instructions."

8. By *en Banc* ruling dated December 8, 2023, the Delaware Supreme Court reversed and remanded the denial of three petitions for expungement where the denials had been based upon out-of-state convictions. *Osgood v. State*, 2023 WL 8532754, at * 8 (Del.). The Majority held the the reference to "no prior or subsequent convictions" in 11 *Del. C.* §§ 4373(a)(2) and 4374(a) refers only to Delaware convictions, not to out-of-state convictions. *Id*. at *4. With regard to a petitioner with an out-of-state conviction: "A petitioner in this circumstance would still have their out-of-state record [sic] criminal record. And for discretionary

expungement, the petitioner's extraterritorial criminality remains 'fair game" for the merits of their discretionary appeal. The petitioner must demonstrate manifest injustice by a preponderance of the evidence." *Id*. at \*8 (citation omitted). Finally, the Majority observed: "But the Expungement Statutes themselves do not contemplate complete elimination of a petitioner's criminal history. The General Assembly recognized that some prior and subsequent arrests or convictions might remain part of a Delaware criminal record, but they should not be a barrier to some relief." *Id*. (citations omitted).

9. Under the circumstances, it is appropriate that I recommit the matter to Commissioner O'Connor with the following instructions:

(a) That, within forty-five (60) days of the date of this Order, the Commissioner reconsider his previous ruling regarding discretionary expungement in light of the holding of the *Osgood* court, as described above, and report to this Court the results of that reconsideration; and

(b) That, within the same time period, he report to this Court his proposed findings of fact and recommendations with regard to the mandatory expungement relief that Petitioner has requested.

**IT IS SO ORDERED.**

_/s/ Mary M. Johnston_

The Honorable Mary M. Johnston
